UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COURTNEY ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2007** |
| **STATE OF LOUISIANA** | **SECTION "B"(3)** |

### REPORT AND RECOMMENDATION

In February of 2018, petitioner, Courtney Robinson, filed a pleading which was construed as a federal application for habeas corpus relief.  The Clerk of Court notified him that he must either pay the required filing fee or submit an application to proceed *in forma pauperis*, forwarded him a blank *in forma pauperis* application, and gave him a deadline of March 21, 2018 for compliance.  Rec. Doc. 2.  There was no response.

On April 2, 2018, the undersigned then issued an order directing that, on or before April 23, 2018, petitioner either pay the required filing fee or submit an application to proceed *in forma pauperis*.  He was warned that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed.  Rec. Doc. 3.  He did not comply.

Despite being given two opportunities to do so, petitioner has not paid the filing fee or submitted an application to proceed *in forma pauperis*.  As a result, his petition was not properly filed.  Accordingly, it should be dismissed on that basis.  See, e.g., Searls v. Cain, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Courtney Robinson be **DISMISSED WITHOUT PREJUDICE** because he has neither paid the required filing fee nor requested and been granted permission to proceed *in forma pauperis*.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this twenty-sixth day of April, 2018.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.